**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| CAUSE OF ACTION INSTITUTE<br>1875 Eye St., NW, Suite 800<br>Washington, DC 20006,<br><br>           Plaintiff,<br><br>           v.<br><br>UNITED STATES<br>DEPARTMENT OF COMMERCE<br>1401 Constitution Ave., NW<br>Washington, DC 20230,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 19-778 |

**COMPLAINT**

1. Plaintiff Cause of Action Institute ("CoA Institute") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking disclosure of records responsive to two FOIA requests submitted to Defendant United States Department of Commerce ("DOC"). The requests seek a copy of the Commerce Secretary's final report to the President regarding Section 232 National Security Investigation of Imports of Automobiles, Including Cars, SUVs, Vans and Light Trucks, and Automotive Parts ("Section 232 Auto Report").

**JURISDICTION AND VENUE**

2. Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

3. Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

4. CoA Institute is a 501(c)(3) nonpartisan government oversight organization that uses investigative, legal, and communications tools to educate the public about how government accountability, transparency, and the rule of law protect individual liberty and economic

opportunity. It regularly requests access under the FOIA to the public records of federal agencies, entities, and offices, and publicly disseminates its findings, analysis, and commentary.

5. DOC is an agency within the meaning of 5 U.S.C. § 552(f)(1). It has possession, custody, and control of records to which CoA Institute seeks access and that are the subject of this Complaint.

## FACTS

**I.  FOIA Request to Department of Commerce**

6. By letter, dated February 18, 2019, CoA Institute sent a FOIA request to the DOC Secretary's office seeking access to "a copy of the Commerce Secretary's final report to the President regarding Section 232 National Security Investigation of Imports of Automobiles, Including Cars, SUVs, Vans and Light Trucks, and Automotive Parts." Ex. 1.

7. CoA Institute sought a public interest fee waiver and to be classified as a representative of the news media for fee purposes. *Id.* at 1–3.

8. To date, DOC has not acknowledged receipt of the FOIA request, and CoA Institute has received no substantive communication from DOC regarding this FOIA request.

**II.  FOIA Request DOC-BIS-2019-742**

9. By letter, dated February 18, 2019 CoA Institute sent a FOIA request to the DOC's Bureau of Industry and Security ("BIS") seeking access to "a copy of the Commerce Secretary's final report to the President regarding Section 232 National Security Investigation of Imports of Automobiles, Including Cars, SUVs, Vans and Light Trucks, and Automotive Parts." Ex. 2.

10. CoA Institute sought a public interest fee waiver and to be classified as a representative of the news media for fee purposes. *Id.* at 1–3.

11.     By email, dated February 19, 2019, BIS acknowledged receipt of the request and assigned it tracking number DOC-BIS-2019-742.  Ex. 3.

12.     CoA Institute has received no further substantive communication from BIS regarding this FOIA request.

13.     CoA Institute sent a request to both the Secretary's Office and BIS seeking access to the same record because, based on information and belief, BIS prepared the Section 232 Auto Report and the Secretary's office transmitted it to the President.

## COUNT 1

### Violation of the FOIA: Failure to Comply with Statutory Deadlines

14.     CoA Institute repeats all of the above paragraphs.

15.     The FOIA requires agencies to respond to requests within twenty (20) business days or, in "unusual circumstances," thirty (30) business days.  5 U.S.C. §§ 552(a)(6)(A)–(B).

16.     More than twenty (20) business days have passed since DOC received the request sent to the Secretary's office, which it still has not acknowledged.

17.     More than twenty (20) business days have passed since BIS received FOIA request DOC-BIS-2019-742.

18.     Neither the DOC Secretary's Office nor BIS has not invoked FOIA's ten-day statutory response extension for unusual circumstances.

19.     Neither the DOC Secretary's Office nor BIS has provided a final determination on or produced any records responsive to either of the requests at issue in this Complaint within the statutory time limits.

20.     Defendant therefore has failed to comply with the FOIA's statutory deadline to issue a final determination.

21. CoA Institute has exhausted its administrative remedies for the requests at issue in this Complaint under 5 U.S.C. § 552(a)(6)(C).

## RELIEF REQUESTED

WHEREFORE, Plaintiff CoA Institute respectfully requests and prays that this Court:

a. Order Defendant to issue a final determination on both of the requests at issue in this Complaint within twenty (20) days of the date of the Order;

b. Order Defendant to produce all responsive records promptly upon issuing a final determination;

c. Award CoA Institute its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

d. Grant such other relief as the Court may deem just and proper.

Date: March 20, 2019

Respectfully submitted,

*/s/ R. James Valvo, III*
R. James Valvo, III (D.C. Bar. No. 1017390)
Lee A. Steven (D.C. Bar No. 468543)

CAUSE OF ACTION INSTITUTE
1875 Eye St., NW, Suite 800
Washington, DC 20006
Telephone: (202) 499-4232
Facsimile: (202) 330-5842
james.valvo@causeofaction.org
lee.steven@causeofaction.org

*Counsel for Plaintiff*