IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUSE OF ACTION INSTITUTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-778-CJN |
| | ) |
| UNITED STATES | ) |
| DEPARTMENT OF COMMERCE | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE AS TO WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT AND SANCTIONED AND PLAINTIFF'S REQUEST FOR EXPEDITED CONSIDERATION**

Plaintiff Cause of Action Institute ("CoA Institute") respectfully moves the Court for an order to show cause as to why Defendant Department of Commerce ("Commerce") should not be held in civil contempt and sanctioned for repeatedly violating the court-ordered briefing schedule for summary judgment. Given current exigencies, CoA Institute also requests that this motion be considered on an expedited basis. Pursuant to Local Civil Rule 7(m), counsel for CoA Institute conferred with counsel for Commerce, who indicated that Commerce opposes the motion.

**LEGAL STANDARD**

Federal courts enjoy "inherent powers . . . 'necessary to the exercise of all others,'" *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980) (citation omitted), including the "power to enforce compliance with . . . lawful orders through civil contempt.'" *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *see also Armstrong v. Exec. Office of the President*, 1 F.3d 1274, 1289 (D.C. Cir. 1993) ("'There can be no

question that courts have inherent authority to enforce compliance with their lawful orders[.]'") (citation omitted).

The "inherent power" to hold a party in contempt "'enables the courts to protect their institutional integrity and to guard against abuses of the judicial process'" by issuing "'citations, fines, awards of attorney[']s fees, and such other orders and sanctions as [courts] find necessary[.]" *Cobell v. Babbitt*, 37 F. Supp. 2d 6, 9 (D.D.C. 1999) (quoting *Shepherd v. Am. Broad. Cos.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995)); *see generally Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991) ("A primary aspect of [the court's] discretion" in remedying civil contempt "is the ability to fashion an appropriate sanction for conduct which abuses the judicial process.").

Civil contempt requires a three-fold finding that "(1) there was a court order in place; (2) the order required certain conduct by the defendant; and (3) the defendant failed to comply with that order." *Int'l Painters & Allied Trades Indus. Pension Fund v. ZAK Architectural Metal & Glass LLC*, 736 F. Supp. 2d 35, 38 (D.D.C. 2010) [hereinafter *IPAT*] (citation omitted). The court order in question must have been "clear and unambiguous," *Armstrong*, 1 F.3d at 1289, as judged under "an objective standard that takes into account both the language of the order and the circumstances surrounding [its] issuance[.]" *United States v. Young*, 107 F.3d 903, 907 (D.C. Cir. 1994). An alleged contemnor's "noncompliance . . . must be proven by clear and convincing evidence." *IPAT*, 736 F. Supp. 2d at 38 (citing *Wash.-Balt. Newspaper Guild, Local 35 v. Wash. Post Co.*, 626 F.2d 1029, 1031 (D.C. Cir. 1980)). But "'failure to comply with the court decree need not be intentional.'" *Expert Elec.,*

*Inc. v. Nat'l Labor Relations Bd.*, No. 11-591, 2013 WL 589176, at *5 (D.D.C. Feb. 8, 2013) (citations omitted). The moving party bears the initial burden of proof, but after satisfying the required "three-part showing, the burden shifts to the [putative contemnor] to justify [its] noncompliance" with "adequate detailed proof." *IPAT*, 736 F. Supp. 2d at 38 (citations omitted).

Upon finding a party in contempt, a court enjoys wide discretion in fashioning the proper remedy, including "fines, awards of attorney[']s fees, and such other orders and sanctions as [it] find[s] necessary[.]" *Cobell*, 37 F. Supp. 2d at 9. Sanctions are proper for conduct "disrespectful to the court" and to "deter similar misconduct in the future." *Webb v. Dist. of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1988). Sanctions and fines also are imposed to "compensate the complainant for losses sustained as a result of the contumacious conduct." *Landmark Legal Found. v. Envtl. Prot. Agency*, 272 F. Supp. 2d 70, 86 (D.D.C. 2003). Finally, sanctions and fines are especially appropriate (and independently available) where a party has violated its obligations—such as here—to obey a court's scheduling order. *See* Fed. R. Civ. P. 16(f)(1)(C), (2); *see also Anderson v. Bradford*, No. 89-2776, 1990 WL 161916, at *5–6 (D.D.C. Oct. 11, 1990).

## FACTUAL BACKGROUND AND ARGUMENT

Since Judge Moss resolved the briefing-schedule dispute at an oral hearing on June 17, 2019, Commerce has twice violated a court order requiring it to move for summary judgment. Commerce's actions easily meet the test for civil contempt.

## I. First Violation

Judge Moss ordered Commerce to move for summary judgment by July 22, 2019. At 4:11 PM on July 19th—barely one business day before its brief was due—counsel for Commerce contacted counsel for CoA Institute and requested a three-week extension on the theory that agency counsel would be out-of-office on a family matter and could not prepare a declaration. Commerce subsequently filed a motion, which CoA Institute opposed. *See* ECF Nos. 12–13. While the Court was still considering that motion, Commerce's summary judgment deadline arrived, but instead of filing as ordered, Commerce let the deadline come and go. Importantly, Commerce never requested a stay of proceedings during the pendency of its motion. By minute order, dated July 24, 2019, the Court granted the requested three-week extension but warned Commerce that it had "fail[ed] to comply with paragraph 12 of the Standing Order" and "that future motions seeking to extend the briefing schedule [would] be disfavored."

## II. Second Violation

On August 6, 2019 Commerce moved for a second extension of its deadline to move for summary judgment, arguing again that agency counsel had to attend to a family matter and further indicating that Commerce would soon be represented by a new Assistant United States Attorney. *See* ECF No. 15. CoA Institute opposed the motion on the grounds that Commerce was intentionally delaying proceedings to avoid presenting its legal basis for withholding the agency record at issue. *See* ECF No. 16. During the pendency of the second extension motion, Commerce substituted

4

counsel. ECF No. 17.¹ Yet again, Commerce let its deadline to file for summary judgment come and go on August 12th. And, as with its earlier request for an extension, Commerce failed to include a request to stay the briefing schedule pending the Court's resolution of the motion.

Counsel for CoA Institute has met and conferred by email with the new counsel for Commerce to determine how he intends to remedy the current situation. Opposing counsel responded that it is his "understanding that, during the pendency of a motion to extend a deadline, it is [his] Office's policy is to assume such a motion, if timely filed, will be granted." CoA Institute is unaware of any legal authority that grants the government an automatic stay of court-ordered deadlines pending resolution of an extension motion, and the alarming nature of the Department of Justice's policy of assuming its non-dispositive motions will be granted as a matter of course is self-evident.

Both of Commerce's violations of the Court's briefing-schedule orders are clear examples of civil contempt. In each instance, an unambiguous "court order [was] in place"; the "order[s] required certain conduct" from Commerce, namely, moving for summary judgment; and Commerce "failed to comply with th[ose] order[s]." *IPAT*, 736 F. Supp. 2d at 38. Counsel's unfounded presumption that the federal government will be granted repeated extensions of time only compounds Commerce's contumacy and further offends the dignity and authority of the Court, especially given this

---

¹ As an aside, Commerce's substitution of counsel was deficient because it was not signed by the attorney withdrawing from the case. *See* Local Civil Rule 83.6(b) ("[A]n attorney may withdraw an appearance in a civil action by filing a notice of withdrawal signed by the attorney and the party represented, if another attorney has previously entered an appearance on behalf of the party.").

5

Court's warning that further extension motions would be greeted disfavorably. The Court is well-within its discretion to order "fines, awards of attorney[']s fees, and such other orders and sanctions as [it] find[s] necessary[.]" *Cobell*, 37 F. Supp. 2d at 9.

## CONCLUSION AND RELIEF SOUGHT

Commerce's strategy in this case has been simply to delay and refuse to take a legal position. It continues to force CoA Institute and this Court into the position of dealing with its obstinance and violations of undisputedly-clear scheduling orders. CoA Institute regrets that it must burden the Court with additional motion practice to compel Commerce to comply with the Court's orders. But CoA Institute's legal rights must be protected, and this Court's orders must be complied with. The dignity of the Court is at stake. Defendant should not be taught that repeated violations and delays in the teeth of a court order will be without *any* consequence.

Counsel for CoA Institute have expended five hours preparing this motion and the opposition to Commerce's second extension motion. The attorneys who prepared those filings have been out of law school for between four and seven years. The 2019–2020 Laffey Matrix rate for such attorneys is $458 per hour.[2] CoA Institute is therefore entitled to seek a sanction against Commerce to be paid to CoA Institute in the amount of $2,290.

For the foregoing reasons, CoA Institute respectfully requests and prays that the Court enter an order requiring Commerce—within 48 hours—to:

---

[2] *See* Laffey Matrix, *available at* http://www.laffeymatrix.com/see.html (last visited Aug. 14, 2019).

1. Show cause as to why it should not be held in civil contempt of court for twice violating the briefing schedule;

2. Produce legal authority for the proposition that timely-filed extension motions include an implied, automatically-granted stay of the briefing schedule; and

3. Establish why this Court should not enter the following additional relief:

   - Defendant must file its motion for summary judgment within 48 hours;

   - Defendant's page limitation for its motion for summary judgment is reduced from 45 to 20 pages (and accompanying agency declarations shall not exceed a total of five pages) and its opposition and reply is reduced from 25 to 10 pages; and

   - Defendant must pay Plaintiff, as a sanction, $2,290.

Date: August 14, 2019

Respectfully submitted,

*/s/ Ryan P. Mulvey*
Ryan P. Mulvey (D.C. Bar No. 1024362)
R. James Valvo, III (D.C. Bar No. 1017390)
Lee A. Steven (D.C. Bar No. 468543)
CAUSE OF ACTION INSTITUTE
1875 Eye St., NW, Suite 800
Washington, DC 20006
Telephone: (202) 499-4232
Facsimile: (202) 330-5842
ryan.mulvey@causeofaction.org
james.valvo@causeofaction.org
lee.steven@causeofaction.org

*Counsel for Plaintiff CoA Institute*