UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUSE OF ACTION INSTITUTE,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE,<br><br>  Defendant. | Civ. A. No. 19-0778 (CJN) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Rule 7(h), Defendant, the United States Department of Commerce ("DOC"), submits this statement of material facts as to which there is no genuine issie:

1. By correspondence dated February 18, 2019, Plaintiff Cause of Action Institute ("Plaintiff") made identical Freedom of Information Act ("FOIA") requests to DOC and the Bureau of Industry and Security ("BIS"), agency within DOC, seeking "a copy of the Commerce Secretary's final report to the President regarding Section 232 National Security Investigation of Imports of Automobiles, Including Cars, SUVs, Vans and Light Trucks, and Automotive Parts."  Declaration of Brian D. Lieberman ("Lieberman Decl."), at ¶ 8. & Ex. 1 and 2.

2. The document to which Plaintiff is referring is a report that the Secretary of Commerce ("Secretary") submitted to President Donald J. Trump on February 19, 2019 pursuant to Section 232 of the Trade Expansion Act of 1962, 19 U.S.C. § 1862 regarding whether automobile and certain automobile part imports threaten to

impair the national security of the United States. On May 17, 2019, the President issued an Executive Proclamation summarizing the Secretary's report, concurring with the Secretary's conclusion that these imports posed a threatened impairment to national security and acting upon the Secretary's recommendation for the United States Trade Representative to pursue the negotiation of agreements to address this matter and update him on the progress of these negotiations by November 13, 2019, 180 days after the issuance of the proclamation. *Id.* at ¶¶ 4-6, 23-33 and Ex. 6-8.

3. By email dated February 19, 2019, BIS acknowledged receipt of Plaintiff's FOIA request and provided administrative tracking number DOC-BIS-2019-000742. *Id.* at ¶ 9, n. 1 and Ex. 3.

4. By email dated February 25, 2019, BIS advised Plaintiff that Plaintiff's request for a waiver of the applicable fees was granted. *Id.* at ¶ 10 and Ex. 4.

5. By correspondence dated June 13, 2019, DOC advised Plaintiff regarding both the request to DOC and BIS that:

We are currently reviewing, in conjunction with the Executive Office of the President, whether the Secretary's report constitutes a presidential record within the meaning of the Presidential Records Act, 44 U.S.C. 2201 et seq., in which case it would not be subject to disclosure under FOIA. However, to the extent that the Secretary's Section 232 report to the President of the United States may constitute an agency record within the meaning of FOIA, DOC and BIS are withholding it in full pursuant to 5 U.S.C. § 552(b)(5), which exempts from disclosure inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency. The report, if an agency record, would be exempted from disclosure under FOIA pursuant to the presidential communications privilege and/or the deliberative process privilege, until all actions deemed necessary to adjust the imports of automobiles and automobile parts so that such imports will not threaten to impair the national security have been completed. See 15 C.F.R. § 705.11.

*Id.* at ¶ 11 and Ex. 5.

6. Upon completion of this review, DOC concluded that the entirety of the Secretary's report is subject to the presidential communication privilege and/or deliberative process privilege pursuant to FOIA Exemption 5, 5 U.S.C. § 552. *Id.* at ¶¶ 12, 33-43.

    Respectfully submitted,
JESSIE K. LIU, D.C. Bar 472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar 924092
Chief, Civil Division

/s/_____
JOHN MOUSTAKAS, D.C. Bar 442076
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2518
John.Moustakas@usdoj.gov
*Attorneys for Defendants*