**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAUSE OF ACTION INSTITUTE,<br><br>　　　　Plaintiff,<br><br>　　　　　v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE,<br><br>　　　　Defendant. | Civ. A. No. 19-0778 (CJN) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR ORDER TO SHOW CAUSE**

Defendant respectfully opposes Plaintiff's Motion for an Order to Show Cause as to Why Defendant Should not be Held in Contempt and Sanctioned ("Contempt Motion") for failing to file its Motion for Summary Judgment on August 12, 2019, at a time when its timely-filed Motion for Extension of Time was pending and supported by good cause.[1]

Federal Rule of Civil Procedure 6(b) entitles a party to seek an extension of time to perform a required act.  When a request for the extension of a deadline is made by a party "*before* the original time or its extension expires," the Rule permits a court to grant the extension *after* the deadline passes.  *See* Fed. R. Civ. P. 6(b)(1)(A) (emphasis added).  *See also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 n.5 (1990).  Hardly novel, Rule 6(b) is regularly applied this way in federal district courts across the nation.  *See, e.g.*, *Thompson v. United States*, No. 12-

---

[1] Notwithstanding this Court's August 15, 2019, Order granting the extension, Plaintiff has refused to withdraw the Contempt Motion as moot, among other things, regrettably necessitating this brief Opposition.

01659, 2013 U.S. Dist. LEXIS 120084, at *3 (D. Nev. Aug. 23, 2013); *Go v. Rockefeller Univ.*, No. 04-4008, 2013 U.S. Dist. LEXIS 102460, at *12 (S.D.N.Y. July 19, 2013).

Against this backdrop, Plaintiff startlingly asserts that a party is contemptuous – worthy of punishment for offending the Court's dignity and authority – in relying on the unambiguous language of the Rule and Supreme Court authority construing it. But not a single case supports this odd premise. Showing appropriate respect for the Court's deadlines, predecessor counsel timely requested for good cause a modest extension *six days before* the expiration of the relevant deadline.

In the face of this timely, well-supported request, which the Court has granted, Plaintiff would rewrite Rule 6(b) to automatically deny any pending motion to extend that has not granted before the deadline it seeks to expand expires.[2] But that pocket-veto philosophy flies in the face of the Rule's plain language, either rendering the Court's explicit power to grant such motions *nunc pro tunc* a nullity or putting the Court on a clock that neither the Rules nor the Supreme Court has imposed.[3]

---

[2] Plaintiff references counsel's assumption about the status of a deadline during the pendency of motion to extend that deadline, but counsel neglects to include the other factors counsel cited: that the motion to extend was timely filed, narrowly tailored, supported good cause, and not interposed for the purpose of delay. In a further refinement, counsel explained that the United States does not assume, as a matter of right, that a motion to extend will be granted when the Court has yet to act, but instead that "because the Court is entitled to grant the relief without a finding of excusable neglect after expiration of a deadline when a party seeks an extension before the expiration of that deadline, [it was] entitled to await the Court's ruling without being deemed contumacious. Otherwise, the Court's own discretion under [Rule] 6(b)(1)(A) would be nullified." *See* August 15, 2019, email from AUSA John Moustakas to Mssrs. Ryan Mulvey and James Valvo (attached as Ex. 1).

[3] The drafters knew how to constrain the district courts' discretion to extend deadlines in a limited number of circumstances where that was deemed desirable, but in no others. *See* Fed. R. Civ. P. 6(b)(2).

It has long been recognized that "the judicial contempt power is a potent weapon" that should not be used lightly. *See, e.g., Int'l Longshoremen's Ass'n v. Phila. Marine Trade Ass'n*, 389 U.S. 64, 76 (1976). A party legitimately seeking relief authorized by rule and precedent is hardly a proper target of such an extraordinary weapon. Because the contempt power belongs to – and is an essential mechanism for protecting the institutional integrity of – the Court, there is no better arbiter of its use. Premised upon the need to protect the court's integrity and guard against abuses of the judicial process, the Contempt Motion has been rendered moot by the Court's order extending the now-satisfied deadline: there is no live controversy a contempt sanction could redress.

## **CONCLUSION**

For the reasons set forth above, Defendant respectfully requests that the Court deny Plaintiff's Motion for Order to Show Cause.

    Respectfully submitted,
JESSIE K. LIU, D.C. Bar 472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar 924092
Chief, Civil Division

/s/_____
JOHN MOUSTAKAS, D.C. Bar 442076
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2518
John.Moustakas@usdoj.gov
*Attorneys for Defendants*