**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| CAUSE OF ACTION INSTITUTE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 19-0778 (CJN) |
| U.S. DEPARTMENT OF COMMERCE, | ) ) ) | |
| Defendant. | ) ) | |

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order, dated December 23, 2019, the parties hereby submit this Joint Status Report ("JSR") to advise the Court of factual developments relating to the Section 232 secretarial report at issue in this Freedom of Information Act lawsuit ("the Autos Report").

1. As set forth in the parties' last JSR, *see* ECF No. 31, Congress passed an appropriations bill at the end of 2019 that included a provision imposing a specific deadline for publication of the Autos Report. Section 112 of Title 1 of the Consolidated Appropriations Act, 2020, as amended, requires, in relevant part, the following:

> Not later than thirty days after the date of the enactment of this Act . . . the Secretary of Commerce shall—
> (1) Publish in the Federal Register the report on the findings of the investigation into the effect on national security of imports of automobiles and automotive parts that the Secretary initiated on May 23, 2018, under section 232(b) of the Trade Expansion Act of 1962 (19 U.S.C. 1862(b)), as required under paragraph (3)(B) of that section; and
> (2) Submit to Congress any portion of the report that contains classified information, which may be viewed only by Members of Congress and their staff with appropriate security clearances.

2. President Trump signed the Consolidated Appropriations Act, 2020 into law on December 20, 2019. The President concurrently issued a signing statement, indicating that he

would treat the publication deadline for the Autos Report "consistent with [his] constitutional authority to control information, the disclosure of which could impair national security, foreign relations, the deliberative processes of the executive branch, or the performance of [his] constitutional duties."  White House, Press Release: Statement by the President (Dec. 20, 2019), *available at* http://bit.ly/38Nwk0Z.

3. Shortly after the expiration of the thirty-day publication deadline, the Department of Commerce released a statement to the press, indicating that it was not "[r]eleasing [the Autos Report] now [because it] would interfere with the president's ability to protect confidential executive branch communications and could interfere with ongoing negotiations."  *E.g.*, Gina Heeb, *The Trump administration declines to release report justifying car tariffs*, Markets Insider, Jan. 21, 2020, http://bit.ly/30YxLGW.  At the same time, the Department of Justice publicly disclosed an Office of Legal Counsel memorandum opinion ("OLC Opinion"), which opines that "the Executive Branch may rely on the constitutional doctrine of executive privilege to decline to release the report at the deadline" set forth in Section 112, *supra*.  A copy of the OLC opinion is attached hereto for the Court's consideration.

4. On January 27, 2020, Defendant confirmed that, in accordance with the January 17, 2020 OLC Opinion, the Department of Commerce will continue to withhold the document until the privilege is deemed no longer applicable.

5. The parties differ in their recommendations for further proceedings:

   a. <u>Plaintiff's Position</u>: Plaintiff respectfully proposes that the Court schedule a supplemental hearing during which counsel for each party can discuss the legal impact of the OLC opinion, if any, on the pending cross-motions.  At that time, the Court could also consider whether supplemental briefing will be necessary.

    b. <u>Defendant's Position</u>:  Defendant respectfully proposes that the Court accept the OLC Opinion for consideration, as it would the content of any Notice of Supplemental Authority, and would otherwise leave for the Court to decide whether additional argument or briefing is needed.

Dated: January 27, 2020

Respectfully submitted,

*/s/ Ryan P. Mulvey*
Ryan P. Mulvey
(D.C. Bar No. 1024362)
R. James Valvo, III
(D.C. Bar No. 1017390)
Lee A. Steven
(D.C. Bar No. 468543)

CAUSE OF ACTION INSTITUTE
1310 N. Courthouse Road, Ste. 700
Arlington, VA 22201
Telephone: (571) 482-4182
ryan.mulvey@causeofaction.org
james.valvo@causeofaction.org
lee.steven@causeofaction.org

*Counsel for Plaintiff*

JESSIE K. LIU, D.C. Bar # 472845
United States Attorney for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

By: */s/ John Moustakas*
John Moustakas, D.C. Bar # 442076
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2518
john.moustakas@usdoj.gov

*Counsel for Defendant*