UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CAUSE OF ACTION INSTITUTE, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF COMMERCE, <br><br> Defendant. | Civ. A. No. 19-0778 (CJN) |

## **DEFENDANT'S MOTION FOR EXTENSION OF TIME**

Defendant, United States Department of Commerce ("Defendant"), pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, respectfully requests a further two-week extension of time until May 11, 2020. This is Defendant's third request for an extension of the deadline for its Supplemental Brief in Support of Summary Judgment. The requested extension is made in good faith and not for the purpose of delay. As was true of Defendant's second request, the extraordinary circumstances created by the COVID-19 pandemic have necessitated Defendant's request. Pursuant to Local Rule 7(m), Defendant contacted Plaintiff's counsel and reports that Plaintiff objects to the request.

Despite its diligent efforts, Defendant is unable to meet the current deadline for submission of supplemental briefing on summary judgment because of difficulties that undersigned counsel has encountered working remotely and under the unusual circumstances created by the COVID-19 pandemic.

On March 11, 2020, the World Health Organization publicly characterized COVID-19 as a pandemic.[1]  On March 13, 2020, the President declared a National Emergency in an effort to address the spread of COVID-19,[2] and on March 16, 2020, the President announced new guidance to slow the spread of the virus, including avoiding groups of more than 10 people and working or schooling from home whenever possible.[3]  This guidance follows recommendations by the Centers for Disease Control and Prevention to engage in social distancing, and, in some circumstances, to close schools.[4]  The Office of Personnel Management has been issuing guidance concerning the continuity of Federal Government operations, including recommendations that agencies permit employees to telework.[5]  The Office of Management and Budget has asked agencies to "offer maximum telework flexibilities to all current telework eligible employees, consistent with the operational needs of the departments and agencies as determined by their heads."[6]  Many schools

---

[1]      Centers for Disease Control and Prevention. "Coronavirus Disease 2019 (COVID-19): Situation Summary," https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/summary.html (last accessed Mar. 19, 2020).

[2]      *See* https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/ (last accessed Mar. 19, 2020).

[3]      *See* The President's Coronavirus Guidelines for America, https://www.whitehouse.gov/wp-content/uploads/2020/03/03.16.20_coronavirus-guidance_8.5x11_315PM.pdf (last accessed Mar. 19, 2020).

[4]      *See* Centers for Disease Control and Prevention. "Implementation of Mitigation Strategies for Communities with Local COVID-19 Transmission, https://www.cdc.gov/coronavirus/2019-ncov/downloads/community-mitigation- strategy.pdf (last accessed Mar. 19, 2020).

[5]      *See* United States Office of Personnel Management, "Memorandum for: Heads of Executive Departments and Agencies. Subject: Coronavirus Disease 2019 (COVID-19); Additional Guidance" (Mar. 7, 2020), *available at* https://www.chcoc.gov/content/coronavirus-disease-2019-covid-19-additional-guidance (last accessed Mar. 19, 2020).

[6]      *See* Memorandum from the Acting Director of The Office of Management and Budget to the Heads of Departments and Agencies "Updated Guidance for National Capital Region on Telework Flexibilities in Response to Coronavirus" (Mar. 15, 2020),

around the country and in the D.C. area are closed and will be closed for weeks.   Assistant United States Attorneys in the Civil Division have been strongly encouraged to avoid, to the maximum extent possible, coming into office for work.   And, most recently, on March 30, 2020, a Stay-at-Home Order was issued by the Governor of the State of Maryland.   (Undersigned counsel resides in Montgomery County, Maryland).

The spread of COVID-19 to the region has created profound challenges to achieving an already demanding mission under the current conditions.   By now, virtually all of the Department of Justice and its components, including the United States Attorney's Office for the District of Columbia, are working remotely on a daily basis.   As such, teleworking resources (in particular, computing resources) are strained, and technical problems associated with those strains consume time to troubleshoot and resolve.[7]   By way of illustration, our prior request cited "interruptions in VPN access (including reconnection delays) [that] extended, several times over, the cumulative time needed to both to 'meet-and-confer' by detailed email and to draft and file this Motion" resulting in our filing a day later than intended.   ECF No. 41 n.7.   That a 90-minute loss of VPN access had the same impact on this filing establishes the similarity to be more pattern than coincidence.[8]   Simply put, across virtually all of the work, the time needed to produce the same volume of work product has grown by a very considerable factor.

---

https://www.whitehouse.gov/wp-content/uploads/2020/03/M20-15-Telework-Guidance-OMB.pdf (last accessed Mar. 19, 2020).

[7] Though in significantly greater demand, IT resources have not grown; relative to collective need, they have shrunk.  As impediments push work even further beyond the business day and into the weekends than normal, the unavailability of support at those times is debilitating.

[8] Though late night filings are a lamentable consequence of current caseloads generally, the presumption of diminished competition for network resources at those times makes certain network-dependent activities good candidates for late-night work.

The experience of the U.S. Attorney's Office is not unique. Collaborating in this environment, including exchanging work-product with agency counterparts, is far more difficult and much less efficient. And those difficulties are amplified in a case such as this, which involves many interested stakeholders whose feedback and approvals are important and necessary predicates to filing. Obtaining this feedback is vital not only to counsel's presentation of Defendant's position in this case, but also to ensure that Defendant's presentation to the Court is as accurate and useful as it can be.

To be sure, the full impact of COVID-19 on productivity was not fully appreciated at the time of our last extension request. Responsibilities counsel accounted for in the prior request took longer than anticipated for the reasons described; and that had considerable impact on later deadlines to include the one in this case. Although many of the impediments persist, the impacts of some are abating or being lessened as we acclimate. And, significantly, many of the matters that delayed counsel's start here have been completed, providing a further measure of confidence that with the additional time, the matter can be brought to a close.

For all the foregoing reasons, Defendant respectfully requests that the Court extend the time for Defendant to file its supplement brief until May 11, 2020.

Dated:  April 23, 2020              Respectfully submitted,

                                         TIMOTHY J. SHEA, D.C. Bar # 437437
United States Attorney for the District of Columbia

                                         DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

By:   _/s/ John Moustakas_
       John Moustakas, D.C. Bar #442076
       Assistant U.S. Attorney
       555 Fourth Street, N.W.
       Washington, D.C. 20530
       (202) 252-2518
       john.moustakas@usdoj.gov