UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUSE OF ACTION INSTITUTE,<br><br>       Plaintiff,<br><br>       v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE,<br><br>       Defendant. | Civ. A. No. 19-778 (CJN) |

## DEFENDANT'S RESPONSE TO
## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant, the U.S. Department of Commerce ("Commerce"), submits this filing to respond briefly to Plaintiff's Notice of Supplemental Authority, ECF No. 46. Plaintiff's Notice calls the Court's attention to a July 14, 2020 decision from the U.S. Court of International Trade invalidating a Proclamation issued by the President in August 2018 that imposed tariffs on steel products from Turkey. *See Transpacific Steel LLC v. United States*, No. 19-00009, slip op. 20-98 (July 14, 2020), ECF No. 46-1. This case has no bearing on the instant action under the Freedom of Information Act ("FOIA"). Rather, *Transpacific Steel* concerned a statutory and constitutional challenge to a different Presidential Proclamation (No. 9772) pertaining to a different national security threat (importation of Turkish steel products) than the Presidential Proclamation (No. 9888, pertaining to importation of automobiles and certain automobile parts) issued following the President's receipt of the Section 232 Report sought by Plaintiff in this case. *Id*. at 2. Nor does *Transpacific Steel* have any bearing on Defendant's obligations under the Freedom of Information Act ("FOIA"), and the court's opinion explicitly disavows interpreting the disclosure requirement for Section 232 Reports under 19 U.S.C. § 1862(b). *See id*. at 5 n.5

("Plaintiffs do not raise this issue [the § 1862(b) disclosure obligation] and we do not rely on it."). In short, the case has nothing to say about whether Plaintiff is entitled to obtain the Section 232 Report pursuant to a FOIA request.

Plaintiff's arguments to the contrary are unavailing. To begin, Plaintiff asserts that, as the court held in *Transpacific Steel*, the President must act in compliance with the timelines set in Section 232. *See* Pl.'s Notice of Suppl. Auth. ("Pl.'s Notice"), ECF No. 46, at 2. But Defendant has not violated any of these timelines, and Plaintiff cannot argue otherwise. With regard to disclosure of the Section 232 Report, the statute simply states that "[a]ny portion of the report . . . which does not contain classified information or proprietary information shall be published in the Federal Register," 19 U.S.C. § 1862(b)(3)(B), but it does not specify a date by which such publication must occur. *See also* Mem. Op. for the Dep. Counsel to the Pres., Publication of a Report to the President on the Effect of Automobile and Automobile-Part Imports on the National Security ("OLC Opinion"), ECF No. 31-1, at 4 (observing that Section 232 does not "address the timing of publication when, as here, the President acts on the report's recommendations by directing negotiations with foreign countries"). Most relevant to this case, Section 232 contains no deadline by which Commerce must disclose the report in response to a FOIA request, especially where the agency has validly asserted two privileges over the Report. *See, e.g.*, Def.'s Suppl. Br. in Supp. of Its Mot. for Summ. J. and Opp'n to Pl.'s Mot. for Summ. J. ("Def.'s Suppl. Br."), ECF No. 44, at 3-4 (discussing application of the presidential communications and deliberative process privileges).

Contrary to Plaintiff's assertion, *see* Pl.'s Notice at 2-3, the ruling in *Transpacific Steel* that the President may not issue a second Proclamation absent issuance of an additional Section 232 Report is of no import here. The President is not trying to use the Section 232 Report for

any other purpose.  Rather, Commerce has asserted privilege over the Report so as not to risk compromising ongoing international negotiations.  *See* OLC Op. at 7-14.

Next, Plaintiff relies on dicta in *Transpacific Steel* to argue that disclosure of the Section 232 Report is necessary because it "would be an important part of the administrative record" in a case challenging a factual determination by the Secretary of Commerce that continued importation of an article presents a national security threat.  Pl.'s Notice at 3.  Whatever merit this interpretation of *Transpacific Steel* might have, it is not this case:  Plaintiff has not sought judicial review of the Secretary of Commerce's factual determination about the national security threat posed by the continued importation of automobiles and certain automobile parts.  Plaintiff is a "government oversight organization" and, by its own admission, a frequent requester of public records, *see* Compl., ECF No. 1, ¶ 4, that has sought the Section 232 Report by filing a FOIA request.  Its ability to access the Report must therefore be determined by applying the relevant legal standards pursuant to that statute, not those that might apply in a hypothetical challenge to the Secretary's findings of fact and that may or may not involve compilation of an administrative record and the exclusion of any privileged material from that record.  The dicta cited by Plaintiff contemplates a cause of action materially distinct from a FOIA cause of action.

For its final argument, Plaintiff cites a footnote from *Transpacific Steel* in which the court surmised that, if it were to allow the Secretary of Commerce to "skirt" his statutorily-imposed obligation to make factual findings and issue a report, it would "potentially pose delegation problems."  Pl.'s Notice at 3-4.[1]  According to Plaintiff, this observation by the court

---

[1] Plaintiff's inference that, under *Transpacific Steel*, publication of the Section 232 Report in the Federal Register is "an important safeguard" without which there may be delegation concerns, *see* Pl.'s Notice at 3, is unsupported by the court's opinion.  Footnote 9 of the opinion (the passaged cited by Plaintiff for this assertion) makes no reference to § 1862(b)(3)(B)'s

3

bolsters *amici*'s contention that Congress needs the Section 232 Report "to conduct oversight and legislate" and that "an injured member of the public" needs the Report "to challenge tariff action or the findings of a secretarial investigation." *Id*. at 4.  But the needs of a FOIA requester—let alone the needs of nonparties such as aggrieved Congressmen and unidentified "injured member[s] of the public"—are not relevant to the analysis of whether an agency has properly withheld a document pursuant to Exemption 5, as Commerce has done .  *See* Def.'s Suppl. Br. at 5-6 (explaining why the needs of a requester are irrelevant to the Exemption 5 analysis).  Here, too, *Transpacific Steel* has no relevancy to the issues to be resolved in this case.

For these reasons, *Transpacific Steel* should play no role in the Court's analysis in this case.

Dated:  July 30, 2020               Respectfully submitted,

                                    MICHAEL R. SHERWIN
                                    Acting United States Attorney

                                    DANIEL F. VAN HORN, D.C. Bar # 924092
                                    Chief, Civil Division

                                    /s/_____
                                    JOHN MOUSTAKAS, D.C. Bar # 442076
                                    Assistant United States Attorney
                                    555 Fourth Street, N.W.
                                    Washington, D.C. 20530
                                    (202) 252-2518
                                    John.Moustakas@usdoj.gov
                                    Attorneys for Defendants

---

publication requirement, and the court made clear that it was not addressing that requirement earlier in the opinion.  *See Transpacific Steel*, slip op., at 5 n.5.